**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | **MDL Docket No. 4:03CV1507-WRW** |
| | : | **4:05CV00163** |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **LINDA REEVES** | : | **PLAINTIFF** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH** | : | **DEFENDANT** |

<u>**ORDER**</u>

Pending are numerous Motions in Limine filed by Plaintiff (Doc. Nos. 177, 178, 180, 183, 185, 187, 188, 192, 194).  Defendant has responded to each motion (Doc .No. 245).  As dictated over cell phone while driving to Minnesota, I rule as follows:

   1.   **Plaintiff's Motion In Limine No. 2 To Exclude Argument Or Reference To Other Wyeth Good Acts and Products Not At Issue In This Case (Doc. No. 177)**.

This motion is GRANTED IN PART and DENIED IN PART.  Wyeth will be permitted to put on very brief evidence of what Wyeth is about, i.e. what kind of operation it is.  Outside of this I'm dubious.  As an example, would Wyeth try to put on evidence that, once upon a time, its corporate executives held a benefit ball for the humane society?

Any specific evidence of good things Wyeth has done should be submitted to me forthwith so that I can rule thereupon. This letter-brief should be submitted by noon, Wednesday, July 26, 2006, directed to my attention, with copies to opposing counsel, the Honorable Henry L. Jones, Jr., and my law clerk; original to the Clerk of the Court.

**2.      Plaintiff's Motion In Limine No. 3 To Exclude Argument That FDA Regulations Prohibited Wyeth From Making Label Changes Without Prior Agency Approval (Doc. No. 178)**.

This motion is DENIED. Wyeth can concede that the FDA doesn't preclude it but point out that the FDA discourages changes w/o prior approval (as I understand it this is the truth of the matter).

**3.      Plaintiff's Motion In Limine No. 4 To Preclude Argument Regarding The Preamble and Any Statement By The FDA Regarding Preemption (Doc. No. 180).**

This motion is REFERRED to Judge Jones and will be heard at the July 21, 2006 Hearing.

**4.      Plaintiff's Motion In Limine No. 6 To Exclude Argument Or References To Plaintiffs Diagnosis With Human Papilloma Virus (Doc. No. 183)**.

With respect to HPV, I am going to leave the decision (meaning the motion is REFERRED), for the time being, with Judge Jones, who will hear from you at his hearing Friday, July 21, 2006; but my inclination is to exclude this evidence under 403.  In the first place, it has connotations that might be offensive to a straight-laced-type juror; and it could very well lead to a time consuming mini-trial regarding such things as how Plaintiff contracted this condition.  I guess one important question is how really probative it is with respect to possible/probable cause of Plaintiff's cancer.  In fine, I don't like the idea of it, but will leave it to the unusually discerning eyes and ears of Judge Jones.

**5.      Plaintiff's Motion In Limine No. 7 To Preclude Wyeth Employees and Former Employee Witnesses From Offering Opinion Testimony Which They are Unqualified To Offer, Which Has Not Previously Been Disclosed, and Which Lacks Appropriate Support Under *Daubert* (Doc. No. 185).**

This motion is GRANTED.  The motion is a little vague, and Wyeth is probably correct in arguing that it should be a motion to compel technically speaking; however, I believe it would be meet and proper if Wyeth would give Plaintiff a fair and accurate summary of the expected testimony of these witnesses.  If Plaintiff has similar witnesses, who Wyeth would like to know about via a fair and accurate summary, it should make its request forthwith.  If timing for this disclosure cannot be resolved by telephonic (i.e. telephone) "meet and confer," bring the timing issue up with Judge Jones on July 21, 2006.

**6.      Plaintiff's Motion In Limine No. 8 To Preclude Wyeths Counsel and Its Experts From Speculating On Other Causes Of Breast Cancer That Have No Reliable Scientific Support (Doc. No. 187).**

In the abstract, this motion would appear to have considerable weight, but as the old chestnut holds "the devil is in the details." If Wyeth's qualified experts have credibly supported alternative causes of Plaintiff's type of breast cancer then it appears clear that they should be permitted to speak to this.  I have the feeling that there's more to Plaintiff's motion than meets my eye, so I will simply REFER the motion, response, and my comments to Judge Jones.

**7.      Plaintiff's Motion In Limine No. 9 To Preclude Wyeth From Introducing Evidence or Testimony Based On New WHI Data Or Further Analysis Of Such Data (Doc. No. 188).**

Wyeth's response to Plaintiff's motion in limine on this point makes me think Plaintiff's trepidations were unfounded, but, here again, I'll REFER the motion to Judge Jones to see if he can ferret out some disputation that I have failed to discern or divine.

**8.      Plaintiff's Motion In Limine No. 11 To Prohibit Wyeth From Advertising or Otherwise Engaging In Pretrial Publicity (Doc. No. 192).**

This motion is MOOT, because I believe that this issue was resolved *viva voce* at the hearing yesterday, but, if I am in error please bring it to Judge Jones's attention at the hearing July 21, 2006.

**9.      Plaintiff's Motion's In Limine Nos. 13 Through 38 (Doc. No. 194)**

This motion is GRANTED IN PART, DENIED IN PART, and REFERRED IN PART as listed below:

**a.      Plaintiff's Motion in Limine No. 13 -- "Lawyer-made" Lawsuits** --

This motion is REFERRED to Judge Jones to be heard at the July 21, 2006 Hearing.

**b.      Plaintiff's Motion in Limine No. 14-- Painting Plaintiffs Lawyers in a Negative Light**

    **1.      Part14(a)** -- Here again, I believe this issue was resolved orally at the hearing yesterday, so I believe this particular issue is MOOT. If either party feels that it needs to be addressed again, please take it up with Judge Jones at the hearing July 21, 2006.  If either party feels the need to "fight fire with fire" in connection with a media statement other than the one permitted Wyeth yesterday, it should be taken up with me before any statement to the media is made.

    **2.      Parts 14(b)-(e)** -- This is REFERRED to Judge Jones because these issues are connected with Plaintiff's Motion in Limine No. 13.

3.      **Part 14(f)** -- This subpart is DENIED. It seems to me that Wyeth
has reasonable grounds to ask specific questions along the lines
covered by Plaintiff's motion and Wyeth's response, but Wyeth is
directed to advise Judge Jones of the specific questions it intends
to ask -- otherwise this type of questioning can get out of hand.

4.      **Parts 14(g)-(k)** -- These sub-parts are GRANTED as to both
parties.

c.      **Plaintiff's Motion in Limine No. 15 -- the Discovery Process --** The
motion is DENIED.  It appears to me that this should be subject to
possible cross-examination and perhaps closing argument, depending on
counsels' tactics in view of the art of cross-examination and summation.

d.      **Plaintiff's Motions in Limine Nos. 16 & 17 -- Risk of Other Drugs or
Activities** -- These motions are DENIED with the caveat that Wyeth
should use sound discretion in making presentations in this area.  If
Plaintiff's counsel has any cases or other authority in support of this
motion, they should forthwith give these citation to Judge Jones and Mr.
Matt Morgan, with copies to opposing counsel.

e.      **Plaintiff's Motion in Limine No. 18 -- Clogging the System** -- This
motion is GRANTED as to both parties

f.      **Plaintiff's Motion in Limine No. 19 -- Referring to Punitives As
"Bonus Monies" or "Windfalls**" -- Plaintiff's Motion is conceded by
Wyeth and is therefore GRANTED, but Wyeth will be permitted to

appropriately describe the nature of punitive damages.  I believe that both the 8th Circuit and Arkansas Model Jury Instructions on punitive damages say what needs to be said about this point.  Let me know if you disagree.

g.      **Plaintiff's Motion in Limine No. 20 -- "Deep Pockets"** -- This motion is unopposed by Wyeth and, therefore, GRANTED.

h.      **Plaintiff's Motion in Limine No. 21 -- Failure to Call Available Witness** --This motion is DENIED, but may be reviewed before closing argument so that Wyeth can be required to put a fine point on it.  In some instances it is improper to refer to non-called witnesses; but on the other hand, in some instances it is entirely proper.  I assume that this issue would come up only in summation.

i.      **Plaintiff's Motion in Limine No. 22-- Absent Witness --** This motion is DENIED on the ground that it over-eggs the puddin'. Some of this type of evidence would be manifestly admissible, but some might well not be. Plaintiff's counsel should be prepared to advise Judge Jones much more fully and specifically in the premises on July 21, 2006.  For example, what specific proffer is causing Plaintiff's counsel unrest?

j.      **Plaintiff's Motion in Limine No. 23 -- Persons Not Sued** -- I believe, but can't say for sure, that there is some specific case law on this specific point.  The learned intermediary doctrine makes the issue more difficult.  I encourage both parties to see if they can find some specific authority on this specific point, and advise Judge Jones and Mr. Morgan of such authority as much in advance of the July 21, 2006 hearing as possible.

k.    **Plaintiff's Motion in Limine No. 24 -- Criminal Record --** I am not prepared to rule on this motion and I will not both Judge Jones with it since he has a full plate anyhow.  Some previous convictions are admissible going to the credibility of the witness, including a party.  Some prior bad acts involving falsity can be inquired into on cross-examination only (no extrinsic evidence on the point) but a court's discretion is to be applied when prior bad acts not resulting in a conviction are involved. Wyeth should forthwith advise me and opposing counsel of any conviction, or convictions, or prior bad acts, it intends to inquire into for the purpose of attacking the credibility of a witness, or any other purpose for that matter.

l.    **Plaintiff's Motion in Limine No. 25-- Oral Contraceptive Use** -- The motion is GRANTED.  Remoteness seems to me to be the key factor here. Additionally, there is the potential juror prejudice because some people have strong religious or personal aversion to birth control pills.

m.    **Plaintiff's Motion in Limine No. 26 -- Newspaper Reports about Plaintiff** -- This motion is REFERRED to Judge Jones, because it overlaps with Motions in Limine Nos. 13 and 14(b)-(e).

n.    **Plaintiff's Motion in Limine No. 27 -- Family's Use of HRT** -- I'm inclined to grant this motion, but Wyeth's point about statements Plaintiff may have made to her family members could be admissible as an admission or prior inconsistent statement.  I assume all prior inconsistent

7

statements of a party fall under the definition of admission, (although there may be some esoteric exception of which I can't think). So I assume Judge Jones will need to untangle this issue; therefore the motion is REFERRED to him..

o.      **Plaintiff's Motion in Limine No. 28 -- Family History of Cancer** -- This motion is REFERRED to Judge Jones to be heard at the July 21, 2006 Hearing.

p.      **Plaintiff's Motion in Limine No. 29 -- Personal Use of HRT by Any Lawyer or Witness** -- This motion is REFERRED to Judge Jones to be heard at the July 21, 2006 Hearing.

q.      **Plaintiff's Motion in Limine No. 30 -- Breast Cancer Statistics** -- This motion is REFERRED to Judge Jones to be heard at the July 21, 2006 Hearing.

r.      **Plaintiff's Motion in Limine No. 31 -- Cardiac Benefit** -- This motion is REFERRED to Judge Jones to be heard at the July 21, 2006 Hearing.

s.      **Plaintiff's Motion in Limine No. 32-- Risk Factors -**- This motion is REFERRED to Judge Jones to be heard at the July 21, 2006 Hearing.

t.      **Plaintiff's Motion in Limine No. 33 -- Dr. Caldwell as Negligent** -- This motion is unopposed by Wyeth and, therefore, GRANTED.

u.      **Plaintiff's Motion in Limine No. 34 -- Pfizer** -- This motion is unopposed by Wyeth and, therefore, GRANTED.

v.      **Plaintiff's Motion in Limine No. 35 -- Number of Premarin/prempro Users** -- This motion is REFERRED to Judge Jones to be heard at the July 21, 2006 Hearing.

    w.      **Plaintiff's Motion in Limine No. 36 -- FDA approval** -- This motion is REFERRED to Judge Jones to be heard at the July 21, 2006 Hearing.

    x.      **Plaintiff's Motion in Limine No. 37 -- Taxation of Any Recovery -**- This motion is unopposed by Wyeth and, therefore, GRANTED.

    y.      **Plaintiff's Motion in Limine No. 38 -- Email Correspondence** -- This motion is REFERRED to Judge Jones to be heard at the July 21, 2006 Hearing.

IT IS SO ORDERED this 15th day of July, 2006.

                     /s/ Wm. R.Wilson,Jr.          
                     UNITED STATES DISTRICT JUDGE