**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF ARKANSAS
RICHARD SHEPPARD ARNOLD UNITED STATES COURTHOUSE
600 W. CAPITOL, ROOM 423
LITTLE ROCK, ARKANSAS 72201-3325
(501) 604-5140
Facsimile (501) 604-5149

**LETTER-ORDER**
**July 15, 2006**

Mr. James A. Morris, Jr.
Moore Landrey L.L.P.
390 Park Street
Beaumont, TX 77701

Mr. Michael L. Williams
Ms. Leslie W. O'Leary
Williams, Love, O'Leary, Craine & Powers, P.C.
9755 SW Barnes Road , Suite 450
Portland, OR 97225-6681

Mr. John Vardaman, Jr.
Mr. Steve L. Urbanczyk
Mr. F. Lane Heard, III
Williams & Connolly
725 Twelfth Street, N.W.
Washington, DC 20005-5901

Re: *Reeves v. Wyeth*, 4:05-CV-00163, Defendant's Omnibus Motion in Limine

Pending is Defendant's Omnibus Motion in Limine (Doc. No. 206). Plaintiff has responded to each issue (Doc. Nos. 225-228, 230, 231, 233-237, 239-241, 243, and 246). In sum, the motion is GRANTED in PART, DENIED in PART, and REFERRED in PART. As dictated over cell phone while *still* driving to Minnesota, I rule as follows:

1. **Wyeth's Motion in Limine No. 1 to Bar Evidence or Argument that it was knowable prior to WHI that HRT could cause breast cancer** is REFERRED to Judge Jones.[1]

2. **Wyeth's Motion in Limine No. 2 to Barr Argument and Testimony Based on Nonexistent Failure to Warn Patient** -- If I were to adopt Plaintiff's argument, which is bottomed upon CFR, why would this not evicerate the learned intermediary doctrine? And if there is such a evisceration, why have we been spending all of this time on the learned intermediary doctrine. I will REFER this to Judge Jones, but counsel for both parties should be able to fine-tune this issue for him.

---

[1] Each issue/motion referred to Judge Jones will be heard at the July 21, 2006 Hearing.

3. **Wyeth's Motion in Limine No. 3 to Bar Reference To Other Hormone Therapy Claimants Or Cases And To Past Litigation Involving Other Wyeth Pharmaceutical Products** is REFERRED to Judge Jones. I'm not sure that Wyeth's motion in limine goes to what Plaintiff indicates she wants to introduce through her experts. Please be prepared to fully advise Judge Jones in the premises on this point.

4. **Wyeth's Motion In Limine No. 4 to Bar Reference To Post-May 2000 Labeling Changes For Premarin And Prempro** is referred to Judge Jones. I don't think Defendant can chin the pole under FRE 402 and 403, but I suppose the provisions of FRE 407 should be argued to Judge Jones. Neither my lawyer nor I have read your citations on this point as of this dictation, save and except the FRE.[2]

5. **Wyeth's Motion In Limine No. 5 to Bar Reference To Premarin/Prempro Sales Trends** is REFERRED to Judge Jones.

6. **Wyeth's Motion in Limine No. 6 to Bar Reference To The Profit Margin For Premarin and Prempro** is REFERRED to Judge Jones. The expert Mr. Maloney went out as a witness during the hearing yesterday. Additionally, I am highly dubious about this evidence and am almost willing to grant Defendant's motion here and now, but if Plaintiff truly feels like this is admissible I will allow her counsel to make a brief presentation on this point before Judge Jones ("brief" will of course be defined by Judge Jones).

7. **Wyeth's Motion In Limine No. 7 to Bar Reference To Wyeths Alleged Mistreatment Of Animals** -- Plaintiff does not oppose[3] this motion, therefore, it is GRANTED.

8. **Wyeth's Motion In Limine No. 8 to Bar Argument and Testimony Alleging Fraud-On-The-FDA** -- Plaintiff does not oppose[4] this motion, therefore, it is GRANTED.

9. **Wyeth's Motion In Limine No. 9 to Exclude Hearsay Evidence -- Defendant's Motion is GRANTED in part and DENIED in part.** Pure, unadulterated, garden variety hearsay is inadmissable under the very simple, short language of FRE 802, except . . . . Furthermore, some out of court statements became non-hearsay with the adoption of the Federal Rules of Evidence and the Uniform Rules of Evidence. As an example, an admission is not hearsay. I believe it was Wigmore or Morgan who

---

[2] As I dictate this portion of this letter-order, I just crossed from Missouri into Iowa on U.S.65. You may consider this dictum, and even irrelevant under FRE 402, but my Muse moved me to relate this to you.

[3] *See* Doc. No. 233.

[4] *See* Doc. No. 234.

argued for this result; but, regardless of who's idea it was, I hold that the late Irving Younger, who said that the drafters of the rules which defined admissions out of the hearsay rule engaged in "intellectual foppery." There are some well-known evidence professors who argue that the rule should be changed to state "Hearsay is admissible, unless it is unreliable" (or words to this precise effect). I am hard agin this change. We languid (euphemism for "lazy") judges would likely run amok and let everything, including newspaper articles, into evidence. Now back to the issue at hand. I am sure some of Plaintiff's proffered out-of-court statements will be admissible as non-hearsay or as exceptions to the hearsay rule. This is a classic example of the devil being in the details. These statements will have to be considered one-by-one -- first by Judge Jones, then probably many of them by me, i.e. I doubt that Judge Jones will have time to wrestle this gorilla to the ground.

10. **Wyeth's Motion In Limine No. 10 to Exclude Evidence Regarding Foreign Labeling** -- Does Plaintiff have authority (case or otherwise) on this point? Neither my lawyer nor I have read Defendant's citations as of today, but they will be read in due course. If Plaintiff has any authority it should immediately be brought to the attention of the court and opposing counsel. I hereby REFER this issue to Judge Jones, at least for the time being.

11. **Wyeth's Motion In Limine No. 11 to Bar Evidence Or Argument About The History And Events Leading To Wyeth's Inclusion Of An Endometrial Cancer Warning In The Premarin Label** -- Are there any cases, law reviews, etc.? If either side has same it should be brought to Judge Jones's attention and the attention of my lawyer well before Judge Jones's hearing next Friday.

12. **Wyeth's Motion To Quash Trial Subpoenas and Motion In Limine No. 12 to Bar Presentation Of Testimony Of Kevin Beckwith And Jennifer Reynolds At Trial** -- Again, if available, Judge Jones and my lawyer would very much appreciate citations to any authority you might have -- well before the hearing next Friday.

13. **Wyeth's Motion In Limine No. 13 To Bar Reference To FDA Warning Letter** -- Plaintiff's should cite authorities on this point at once if there are any. It is my initial reaction that such documents might-well be admissible under some circumstances, but I will REFER this to Judge Jones, who will have a full explanation from counsel and perhaps citation of authority by Plaintiff.

14. **Wyeth's Motion In Limine No. 14 to Bar Reference To The Corfman Memos** is REFERRED to Judge Jones -- by the way, authorities would be welcome by Judge Jones and my lawyer.

15. **Wyeth's Motion In Limine No. 15 to Bar Argument And Testimony That Hormone Therapy Initiated Plaintiffs Breast Cancers** is REFERRED to Judge Jones. It appears to me that the bone of contention here may be a matter of sematics, but I leave it to Judge Jones to get this dispute down to a gnat's eye.

    16.    **Wyeth's Motion In Limine No. 16 to Bar Argument And Evidence Regarding Low Dose Prempro** is REFERRED to Judge Jones.

I am sorely afraid that my comments above may not be very helpful to counsel, my lawyer, or, more importantly, Judge Jones. As noted several times, there is a dearth (moreover, a paucity) of citations on several points. I emphasize again that this should be cured very quickly if the cure is out there.

I have some more dictum, but I am going to put it in a p.s. below, so that you can pass on it if you so desire.

                                                        Cordially,

                                                        /s/ Wm. R.Wilson,Jr.

Original to the Clerk of the Court
cc:    The Honorable Henry L. Jones, Jr.
        Other Counsel of Record

P.S. During the dictation of this letter, I stopped at the Calamity Jane roadside park near Princeton, Missouri to read the historical marker. The marker claimed that Calamity Jane (a moniker adopted by Mr. Canary) was born near Princeton. She died 1903 and, at her direction, was buried next to Wild Bill Hickock in Deadwood, South Dakota. Despite her claims, Calamity Jane was never Wild Bill's lover (if you've ever seen a picture of her, I think you'd agree that this discernment is to his credit, not to mention that he was married to another woman, who soon became his widow), although they were in Deadwood at the same time. I have a new biography of Calamity Jane, but HRT duties have kept me from getting at it. BW